1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**SOUTHERN DIVISION**

11
12
13

**STARS AND BARS, LLC,**

14
15

        **Plaintiff,**

16

    **v.**

17
18

**TRAVELERS CASUALTY
INSURANCE COMPANY OF
AMERICA, COREY ORTEGA, and
DOES 1 THROUGH 20, INCLUSIVE,**

19
20
21

        **Defendants.**

22

**Case No.: SACV 16-01397-CJC(SSx)**

**ORDER DENYING PLAINTIFF'S
MOTION TO REMAND**

23
24

## I.  INTRODUCTION

25
26

      Plaintiff Stars and Bars, LLC ("Stars and Bars") filed this action in Orange County

27

Superior Court on June 6, 2016 against Defendants Travelers Casualty Insurance

28

Company of America ("Travelers"), Corey Ortega, and Does 1 through 20, inclusive, for

various causes of action arising out of a commercial insurance policy that Travelers issued to Stars and Bars.  (Dkt. 1-1 ["Compl."].)  Travelers removed the action to this Court on July 27, 2016, on the basis of diversity jurisdiction.  (Dkt. 1 at 2.)  On August 26, 2016, Stars and Bars moved to remand the case back to state court for lack of subject matter jurisdiction.  (Dkt. 10 ["Mot."].)  For the following reasons, the motion is DENIED.[1]

## II.  BACKGROUND

According to the Complaint, on or about January 30, 2014, Stars and Bars took over a commercial lease agreement with Crown Valley Holdings, LLC to use space in a mall to operate a new restaurant, bar, and nightclub ("the Restaurant").  (Compl. ¶¶ 6–7.) Stars and Bars acquired the necessary remodeling permits, performed "other due diligence," and then began remodeling in late June 2014.  (*Id.* ¶¶ 8–9.)  As a result, Stars and Bars incurred start-up expenses in excess of $500,000.  (*Id.* ¶ 9.)

Stars and Bars had purchased a commercial insurance policy from Travelers for the period from June 25, 2014 until June 25, 2015.  (*Id.* ¶ 10.)  On or about July 15, 2014, days before the grand opening of the Restaurant, a pipeline in the mall "suddenly and accidentally backed up, causing the [leased] Premises to flood with a tsunami of Category 3 gray water sewage."  (*Id.* ¶ 11.)  Stars and Bars was unable to open the Restaurant on time and suffered severe setbacks to its business.  (*Id.* ¶¶ 12–13.)

After the flood, Stars and Bars filed a claim with Travelers.  (*Id.* ¶ 14.)  In August of 2014 Stars and Bars's landlord began eviction proceedings for failure to pay rent.  (*Id.*

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for September 26, 2016, at 1:30 p.m. is hereby vacated and off calendar.

¶ 15.)  According to the Complaint, Mr. Ortega told Stars and Bars that Travelers would advance rent in order to cure the eviction proceeding.  (*Id.*)  However, Mr. Ortega later changed his position regarding Travelers's willingness to cover Stars and Bars's unpaid rent, explaining that Stars and Bars was not liable for the rent, which should be abated by the landlord under the lease agreement.  (*Id.* ¶ 16.)  Then, on or about January 16, 2015, Travelers's counsel sent a letter to Stars and Bars denying the claim because it had "knowingly failed and refused, without excuse, to submit to an examination under oath" in January of 2015.   (*Id.* ¶ 18.)  Stars and Bars denies that it ever refused to submit to an examination.  (*Id.*)

Stars and Bars maintains that Travelers has not fully paid or reimbursed Stars and Bars for its policy benefits, and as a result, sued Defendants for breach of contract, breach of the implied covenant of good faith and fair dealing, violations of California Business & Professions Code §§ 17200, *et seq.*, intentional misrepresentation, and negligent representation.  (*Id.* ¶¶ 18–68.)  Travelers removed the action to this Court on the basis of diversity jurisdiction, (Dkt. 1 at 2), and Stars and Bars now moves to remand the case back to state court, (Mot.).[2]

//

//

//

---

[2] Travelers argues that Stars and Bars did not properly meet and confer with Defendants at least seven days prior to filing the motion to remand, as required by Local Rule 7-3.  (Dkt. 12 ["Opp."] at 7–8.) Stars and Bars responds that it initiated the meet and confer process regarding the motion to remand more than seven days prior to filing the motion, on August 17, 2016.  (Dkt. 14 ["Reply"] at 5–6.)  The declarations and exhibits provided by the parties indicate that Stars and Bars's counsel contacted Travelers's counsel on August 17, 2016, to discuss the possibility of a remand because Stars and Bars questioned whether Mr. Ortega was in fact a citizen of Arizona.  (Dkt. 10-2 ["Darwish Decl."] ¶ 2; Dkt. 12-7 ["Joyce Decl."] ¶ 2.)  However, Stars and Bars did not mention to Defendants that its own citizenship would be the basis for a remand until August 26, 2016, the same day it filed the present motion.  (Darwish Decl. ¶ 3; Joyce Decl. ¶ 4–7; *id*. Exs. 7–9.)  The Court reminds Stars and Bars that Local Rule 7-3 requires the parties to "discuss thoroughly" the substance of a motion, and Stars and Bars's conduct was not consistent with the spirit of the rule.

## III.  LEGAL STANDARD

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to federal district court.  28 U.S.C. § 1441(a).  "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally."  *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Glob. Ltd. v. Sequus Pharm., Inc*., 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court.").  A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.   28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction requires complete diversity, meaning that all plaintiffs are of different citizenship than all defendants.  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  The party seeking removal bears the burden of establishing, by a preponderance of evidence, that the court has subject matter jurisdiction, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  If it appears that the federal court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the federal court must remand the action to state court.  28 U.S.C. § 1447(c).

## IV.  ANALYSIS

In the motion to remand, Stars and Bars argues that Defendants have not met their burden of demonstrating complete diversity among the parties.[3]  (Mot. at 6–8.)  The

---

[3] The parties do not appear to dispute that the amount in controversy exceeds $75,000.  The Court is satisfied that the amount in controversy requirement is met, since the notice of removal includes

evidence shows, and the parties do not dispute, that Defendant Travelers is a citizen of Connecticut and Defendant Ortega is a citizen of Arizona.  (Mot. at 6, 8; Opp. at 4; Dkt. 1-8; Dkt. 1-9.)  The only issue is whether or not Stars and Bars is a citizen of Arizona, which would destroy complete diversity.  (Mot. at 6–8; Opp. at 4–7.)

For purposes of diversity jurisdiction, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Stars and Bars maintains that it is a citizen of Arizona because it is an LLC and one of its member LLCs is citizen of Arizona.  (Mot. at 6.)  According to its motion, Stars and Bars is comprised of several members, including H4 Capital Partners, LLC ("H4 Capital").  (*Id.* at 7.)  H4 Capital, in turn, is comprised of three members who have addresses in Arizona.  (*Id.*)  Stars and Bars concludes that H4 Capital is a citizen of Arizona, and therefore Stars and Bars is a citizen of Arizona.  (*Id.*)

In support of its motion, Stars and Bars included the declaration of Brian Roche, its founder, which simply states "H4 Capital Partners, LLC is one of the members of Stars and Bars, LLC.  At the time of the filing of the Complaint, H4 Capital Partners, LLC was, and still is, a member of Stars and Bars, LLC." (Dkt. 10-1 ["Roche Decl."] ¶ 4.)  The declaration also states that H4 Capital is comprised of three individuals whose addresses are in Arizona, and attaches a printout from the Arizona Corporation Commission's online database listing H4 Capital's members and their respective Arizona addresses.  (*Id.* ¶ 5; *id.* Ex. A.)  However, the printout detailing H4 Capital's members does not show any connection between H4 Capital and Stars and Bars—it only shows that H4 Capital has

---

evidence that Stars and Bars demands an additional "$406,212+" under the insurance policy at issue. (Dkt. 1 at 3–4; Dkt. 1-9 ¶¶ 4–5; Dkt. 1-10; Dkt. 1-11.)  This is substantiated by the Complaint's allegation that Stars and Bars incurred over $500,000 in startup expenses and that it could not recoup its investment because of the flood, which is why Stars and Bars filed the insurance claim.  (*See* Compl. ¶¶ 9, 12–14.)

members with Arizona addresses.  (*See id.* Ex. A.)  Stars and Bars has not provided any proof, beyond the two above-quoted, conclusory sentences in Mr. Roche's declaration, that H4 Capital is one of Stars and Bars's members. (*See generally* Mot.; Roche Decl.)

Travelers, on the other hand, maintains that Stars and Bars is only a citizen of Nevada.  (Opp. at 4–7.)  Travelers provided Stars and Bars's Articles of Organization, Annual Lists of Managers or Managing Members, and an Amended List of Managers or Managing Members, which Travelers obtained from the Nevada Secretary of State. (Opp. at 6; Dkt. 12-1 [Request for Judicial Notice ("RJN")] ¶ 3; Dkt. 12-5 ["RJN Ex. 3"]).[4]  None of these documents make any mention of H4 Capital, or otherwise show that any past or present member of Stars and Bars is a citizen of Arizona.  (*See id.*)  Rather, Travelers's evidence shows that Stars and Bars is a Nevada Limited Liability Company with its principal place of business in Orange County, California.  (Dkt. 1-6.) Additionally, the business records attached to Travelers's briefing show that Stars and Bars is comprised of just one member, Final Capital Group, which has a Nevada address. (RJN Ex. 3.)  Travelers also provided a print-out from the Arizona Corporate Commission's online database showing that the state of Arizona has no record of Final Capital Group, to demonstrate that Final Capital Group is not a citizen of Arizona.  (Opp. at 6; RJN ¶ 4; RJN Ex. 4.)  Travelers therefore asserts that H4 Capital is not a member of Stars and Bars, and that Stars and Bars is a citizen of Nevada, not Arizona.  (Opp. at 4–7.)

In its reply, Stars and Bars does not provide any additional evidence to support its contention that H4 Capital is a member of Stars and Bars.  (*See generally* Reply.)  Nor does it attempt to explain the discrepancies between Mr. Roche's conclusory declaration

---

[4] The Court GRANTS Defendants' Request for Judicial Notice as to Exhibits 3 and 4, which consist of publicly available government and business records.  (RJN ¶¶ 3–4; RJN Ex. 3; Dkt. 12-6 ["RJN Ex. 4"].) Stars and Bars does not dispute their accuracy.  (*See generally* Reply.)

and the reliable evidence that Travelers provided.  (*See generally id.*)  Instead, Stars and Bars simply asserts that Mr. Roche's declaration is sufficient, and relies heavily on the notion that Defendants carry the burden of establishing that removal was proper.  (Reply at 1–3.)

While Defendants do carry the burden of establishing that removal is proper, *Gaus*, 980 F.2d at 566–67, they have met that burden here.  Travelers has provided several government and business records which demonstrate by a preponderance of the evidence that Stars and Bars is an LLC registered in Nevada, and that Stars and Bars is comprised of just one other member LLC that is also a citizen of Nevada, and not Arizona.  (Opp. at 5–7; RJN Ex. 3; RJN Ex. 4.)  Furthermore, Travelers's evidence demonstrates that Stars and Bars's available records contain no evidence of any connection to H4 Capital or to Arizona.  (*See* Opp. at 6; RJN Ex. 3; RJN Ex. 4.)  This reliable evidence greatly outweighs Mr. Roche's self-serving, conclusory declaration stating that H4 Capital is a member of Stars and Bars.  *See McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992) ("A party's own declarations concerning his domicile, as is true of any self-serving statement, are subject to judicial skepticism. They are accorded little weight when in conflict with the facts.").  Not only does the declaration lack any supporting documentation, but it does not even explain on what basis Mr. Roche states that H4 Capital is one of the members of Stars and Bars.[5]  (*See* Roche Decl. ¶ 4.)

//
//
//
//

---

[5] Further problematic for Stars and Bars is the fact that the printout it presented regarding H4 Capital's members does not establish that its members are *domiciled* in Arizona.  More specifically, Mr. Roche's declaration fails to state that H4 Capital's members intend to remain permanently or indefinitely at their purported Arizona addresses.  (*See* Roche Decl. ¶ 5; *id.* Ex A.)  *See Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (an individual is domiciled "in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'").

# V.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand, (Dkt. 10), is DENIED. Accordingly, Defendant Travelers's *ex parte* application to file a sur-reply, (Dkt. 16), is DENIED AS MOOT.[6]

DATED:     September 19, 2016

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[6] Travelers filed an *ex parte* application on September 15, 2016, requesting permission to file a sur-reply to address the issue of fraudulent joinder, which was raised for the first time in Stars and Bars's reply. (Dkt. 16).  The matter is moot, since the Court has already determined that Stars and Bars's motion to remand must be denied.